IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.                                                      ) | Criminal Action No. 07-00135-KD |
| ) | Criminal Action No. 07-00178-KD |
| MICHAEL ORANGE,                         ) | |
| ) | |
|    Defendant.                  ) | |

**ORDER**

This action is before the Court on the defendant Michael Orange's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 50, Criminal Action No. 07-00135-KD; Doc. 22, Criminal Action No. 07-00178-KD).[1]

Effective November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the United States Sentencing Guidelines. In general, Amendment 782 reduces the base offense levels assigned to particular controlled substance quantities in the Drug Quantity Table, U.S.S.G. § 2D1.1(c), and thus operates to reduce the applicable guideline ranges. The Commission has deemed Amendment 782 to apply retroactively. *See* U.S.S.G. § 1B1.10(d).

Orange moves the Court to apply the modified Sentencing Guidelines scheme effectuated by Amendment 782. Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's sentence under these circumstances. *See generally United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("[A]mendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c).")[2] (emphasis in original).

---

[1] Orange's request for a court-appointed attorney is denied. Orange does not have a statutory or constitutional right to appointed counsel to assist with the motion for reduction. *See United States v. Webb,* 565 F.3d 789, 794-95 (11th Cir. 2009); *United States v. Blaine,* 409 Fed.Appx. 253, 260 n.4 (11th Cir. 2010).

[2] Section 1B1.10(c) has been renumbered as § 1B1.10(d) by Amendment 782.

In both actions, Orange was convicted of possession with intent to distribute cocaine base (Count One, each action). His total offense level was 31, and with a criminal history category of VI, Orange's original guideline range was 188 to 235 months. The Court imposed a high-end sentence of 235 months, as to each count, to serve concurrent.

According to the amended guideline calculation prepared by the United States Probation Office after retroactive application of Amendment 782, Orange's amended total offense level is 29 and his amended guideline range is 151 to 188 months. Imposing a similar high-end sentence would result in a sentence of 188 months.

However, a district court's "decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009). In exercising that discretion, the courts must consider the factors found in 18 U.S.C. § 3553(a), as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10, Application Note 1(B)(i)-(iii); *see also United States v. Johnson,* 550 Fed. Appx. 844, 845-846 (11th Cir. 2013) ("The Guidelines commentary governing § 3582(c)(2) reductions also states that, when deciding whether and to what extent to reduce an eligible prisoner's sentence, the court 'may' consider post-sentencing conduct."); *United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009) (after recalculating eligible defendant's guideline range, "the district court must decide whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range after it has considered the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and … the defendant's post-sentencing conduct.") (citations and internal quotation marks omitted).

The United States Probation Office reports[3] that between January 3, 2012, and March 5, 2015, Orange committed the disciplinary infractions of being absent from assignment; possessing an unauthorized item (three infractions); assaulting without serious injury; possessing stolen property; engaging in sexual acts (five infractions); threatening bodily harm (two infractions); and refusing to obey an order (two infractions). The sanctions for these violations included loss of commissary privileges; loss of telephone privileges; disciplinary segregation; loss of good conduct time; loss of e-mail privileges; loss of visitation privileges; and loss of media privileges.

Upon consideration of the evidence and information before the Court relevant to the § 3553(a) factors, public safety considerations, and Orange's post-sentencing conduct, the Court is inclined to exercise its discretion to retain Orange's original sentence and deny his motion for reduction. However, rather than deny his motion, the Court will hold the motion in abeyance for two years to determine whether Orange's post-sentencing conduct continues to warrant denial of his motion.

DONE and ORDERED this the 11th day of August 2015.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[3] Orange also completed a drug education course in May 2009 and is currently enrolled in a GED program.